# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE BENEFIT PENSION FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE APPRENTICESHIP & TRAINING FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, and INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE ANNUITY FUND<br>P.O. Box 1627<br>Fort Washington, PA 19034,<br><br>and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 542, AFL-CIO,<br>1375 Virginia Drive, Suite 100<br>Fort Washington, PA 19034,<br><br>                Plaintiffs,<br><br>    v.<br><br>J.G. NASCON, INC.<br>1400 Industrial Highway<br>Eddystone, PA 19022,<br><br>                Defendant. | CIVIL ACTION<br>NO. |

# COMPLAINT

**INTRODUCTION**

This is an action brought by employee benefit plans to collect delinquent contributions, interest on delinquent contributions, liquidated damages, and attorneys' fees, and by a labor union to collect unremitted union dues, pursuant to section 503 of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1132, and section 301 of the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. §185.

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) and §4301(a)(1) and (c) of ERISA, 29 U.S.C. §§1132(a)(3)(B), (d)(1) and (f) and §1451(a)(1) and (c), respectively, and §301(a) of the LMRA, 29 U.S.C. §185(a).

2. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, because the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Benefit Pension Fund (hereinafter the "Pension Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Health and Welfare Fund (hereinafter the "Health Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Apprenticeship and Training Fund (hereinafter the "Apprenticeship Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Supplemental Unemployment Benefit Fund (hereinafter the "SUB Fund"), and the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Annuity Fund (hereinafter the "Annuity Fund") (hereinafter collectively the "Funds") are administered in Pennsylvania.

**PARTIES**

3. At all times relevant hereto, the Funds are "multi-employer plans" and "employee benefit plans" within the meaning of sections 3(2), (3) and (37), of ERISA, 29 U.S.C. §1002(2), (3), and (37) which are maintained for the purpose of providing health and welfare, pension, apprenticeship and training, supplemental unemployment benefits, and annuities and related benefits to eligible participants and are trust funds established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Funds qualify to commence this action pursuant to section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

4. At all times relevant hereto, the Funds maintain their principal place of business at P.O. Box 1627, Fort Washington, Pennsylvania 19034.

5. The Funds bring this action on behalf of themselves and on behalf of plan participants and beneficiaries pursuant to sections 502(a)(3)(B)(ii) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3)(B)(ii) and 1451(a)(1), respectively.

6. At all times relevant hereto, Plaintiff International Union of Operating Engineers Local Union 542, AFL-CIO (the "Union") is an unincorporated association commonly referred to as a labor union, and is the exclusive representative for the purposes of collective bargaining of the employees of Defendant J.G. Nascon, Inc. who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12).

7. At all times relevant hereto, the Union maintains its principal place of business at 1375 Virginia Drive, Suite 100, Fort Washington, PA 19034.

8. The Union brings this action pursuant to Section 301 of the LMRA, 29 U.S.C. §185.

9. Defendant, J.G. Nascon, Inc. (hereinafter the "contributing employer"), is an employer in an industry affecting commerce within the meaning of section 3(5), (11), and (12) of ERISA, 29 U.S.C. §§1102(5), (11), and (12) and has a business address as set forth in the caption.

10. At all times relevant hereto, the contributing employer was a party to a collective bargaining agreement whereby it agreed to make full and timely payments to the Funds based upon the number of hours worked by its employees. A true and correct copy of the collective bargaining agreement is attached hereto as Exhibit A.

## COUNT ONE
## Funds v. Contributing Employer
## Delinquent Contributions under ERISA and LMRA

11. The above paragraphs are incorporated herein by reference as though duly set forth at length.

12. The amount of contributions due to each of the Funds from the contributing employer is determined by the hours worked and wages paid to employees covered by the collective bargaining agreement during a calendar month. (Exhibit A, Article V, pp. 29-31)

13. Pursuant to Article V, Section 7(1) of the collective bargaining agreement, the contributing employer is obligated to submit remittance reports documenting the hours worked and wages paid by each employee whose employment is governed by the collective bargaining agreement, as well as the contributions and remittances due on a monthly basis on the twenty-fifth (25th) day of the month following the month in which the wages which are the basis for the contribution calculation were earned. (Exhibit A, p. 31)

14. Pursuant to Article V, Sections 7(2), (3), (5), (6), (7), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B), contributions that are not paid by the day on which they are due accrue interest, calculated at a rate of ten percent (10%) per annum from the first day of the month following the date such contributions are due. (Exhibit A, pp. 31-32)

15. Pursuant to Article V, Section 7(5), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C)(ii), any contribution not received by its due date is charged liquidated damages equal to ten percent (10%) of the amount of the unpaid or late-paid contribution. (Exhibit A, pp. 31-32)

16. The contributing employer did not submit any remittance reports or payments for the months of April 2018 through November 2018.

17. Employees who worked for the contributing employer during those months under the jurisdiction of the collective bargaining agreement submitted pay stubs to the Plaintiffs documenting the hours worked and wages paid during those months.

18. Based on the employees' pay stubs, Plaintiffs recreated the remittance reports that the contributing employer should have submitted for the months of April 2018 through November 2018. True and correct copies of the recreated remittance reports are attached as Exhibit B.

19. The recreated remittance reports document that a total of $32,588.20 in contributions were due to the Funds for the months of April 2018 through November 2018.

20. On February 25, 2019, the Funds emailed Joseph Nassib, President of the contributing employer to inform him of the hours worked by covered employees according to their pay stubs and demanded payment of contributions based on those documented hours worked. A

true and correct copy of the February 25, 2019 email exchange between Timothy Nagy, Fund collection agent, and Mr. Nassib is attached hereto as Exhibit C.

21. On February 25, 2019, Mr. Nassib replied that he was "diligently working on procuring a payment" of those delinquent amounts. (Exhibit C)

22. In the February 25, 2019 email exchange the Funds also asked for remittance reports for the months of August 2018 through January 2019. (Exhibit C)

23. No further responses were received from Mr. Nassib or any other representative of the contributing employer concerning the unpaid contributions or missing reports.

24. To date, the contributing employer has not paid any of the delinquent amounts.

25. In addition to the delinquent principal, the contributing employer owes ongoing interest on that delinquency calculated at a rate of ten percent (10%) per annum, pursuant to Article V, Section 7(2), (3), (5), (6), (7), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B).

26. The contributing employer also owes $3,258.82 in liquidated damages (10% of the principal), pursuant to Article V, Section 7(5), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C)(ii).

27. Pursuant to Article V, Sections 7(5) and (11) of the collective bargaining agreement (Exhibit B) and 29 U.S.C. §1132(g)(2)(D), the contributing employer is also liable for the Funds attorneys' fees and costs in this action.

WHEREFORE, Plaintiffs ask that the Court enter the following Judgment against the contributing employer and in favor of the Funds for the following:

(1) $32,588.20 in principal delinquent contributions for the April 2018 through November 2018 work months, pursuant to Article V of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A);

(2) Ongoing interest on the amount set forth in (1), calculated at a rate of ten percent per annum, pursuant to Sections 7(2), (3), (5), (6), (7), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. 1132(g)(2)(B);

(3) $3,258.82 in liquidated damages, pursuant to Article V, Sections 7(5), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C)(ii);

(4) Plaintiffs' reasonable attorneys' fees and costs pursuant to Article V, Section 7(5) and (11) of the collective bargaining agreement and ERISA, 29 U.S.C. §1132(g)(2)(D); and

(5) Any other further relief the court finds just and proper.

## COUNT TWO
## Union v. Contributing Employer
## Delinquent Dues under LMRA

28. The above paragraphs are incorporated herein by reference as though duly set forth at length.

29. Article V, Section 8 of the collective bargaining agreement requires the contributing employer to deduct union dues from the wages of employees who authorize such deduction and to remit the deducted amounts to the Union. (Exhibit A, p. 32)

30. Such dues must be submitted to the Union, along with a report of the deduction on the remittance report submitted to the Funds, by the twenty-fifth day of the month following the reporting month. (Exhibit A, pp. 31 and 32)

31. The pay stubs and the recreated remittance reports that were created using those pay stubs indicate that a total of $1,974.68 was deducted from employees' paychecks as dues deductions during the months of April 2018 through November 2018. (see Exhibit B).

32. No such dues were remitted to the Union.

33. Despite notice of the delinquent dues and demands for payment thereof, the contributing employer has failed and refused to pay. (See Exhibit C)

34. The contributing employer's actions violate the terms of the collective bargaining agreement.

WHEREFORE, Plaintiffs ask that the Court enter the following Judgment against the contributing employer and in favor of the Union for:

(1) $1,974.68 in union dues pursuant to 29 U.S.C. §185 and the collective bargaining agreement;

(2) Grant any other further relief the court finds just and proper.

## COUNT THREE
### Union v. Contributing Employer
### Conversion

35. The above paragraphs are incorporated herein by reference as though duly set forth at length.

36. The Court has supplemental subject matter jurisdiction of the pendant state law claims under 28 U.S.C. § 1367.

37.     Pursuant to Article V, Section 8 of the collective bargaining agreement, union dues are deducted from employees' paycheck to be forwarded to the Union by the contributing employer. (Exhibit A, p. 32)

38.     The dues deducted from employees' paycheck are the property of the Union and are to be held in trust and promptly remitted by the contributing employer.

39.     By failing to remit the dues that had been deducted from employees' paychecks, the contributing employer is liable for the tort of conversion.

WHEREFORE, plaintiffs ask that the Court:

(1) Enter judgment in favor of the plaintiff Union and against the defendant contributing employer in the amount of $1,974.68 for unremitted dues that were deducted from employees' paychecks during the months of April 2018 through November 2018; and

(2) Grant any other further relief the court finds just and proper.

CLEARY, JOSEM & TRIGIANI, LLP

BY: _____
REGINA C. HERTZIG, ESQUIRE
JEREMY E. MEYER, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated: March 15, 2019